(June 10, 1985)

█ AMAZON COFFEE CO., INC., Appellant, v TRANS WORLD AIRLINES, INC., Respondent. — In an action to recover for damages sustained in connection with two shipments of goods, plaintiff appeals from an order of the Supreme Court, Queens County (Giaccio, J.), dated October 7, 1983, which granted defendant's motion for summary judgment dismissing the complaint.

Order modified, on the law, by striking that portion of the order which granted defendant's motion for summary judgment as to the second cause of action, denying said branch, and reinstating the second cause of action. As so modified, order affirmed, with costs to the plaintiff and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Special Term erroneously granted defendant summary judgment dismissing the second cause of action relating to damage to an international shipment of cheese on the ground that plaintiff failed to comply with the seven-day written notice of claim requirement set forth in article 26 of the Warsaw Convention (reported in 49 USC § 1502). Paragraph 3 of article 26 of the Warsaw Convention provides that with respect to damaged goods, timely written complaint must be made "upon the document of transportation or by separate notice in writing". The parties implicitly agree on the correctness of this translation; consequently guided by general principles of treaty construction

(*see generally, Rosman v Trans World Airlines,* 34 NY2d 385), we interpret the pertinent language according to its natural and ordinary meaning (*Rosman v Trans World Airlines, supra,* p 396).

At bar, plaintiff's president averred that he personally rejected the shipment of cheese. He claims that he then spoke with defendant's representative, who "instructed that a report indicating that the shipment was being rejected because of damage be made and filed". On the same day that plaintiff refused to accept the cargo, defendant completed an internal report. While it appears that the signature of plaintiff's president is on the internal report, he did not recall signing or receiving said report. If plaintiff's president did indeed sign the report, it would constitute sufficient compliance with the convention's requirement of a written notice of complaint. The report would then surely serve a key purpose of the notice requirement, that of adequately informing the carrier of the nature of the damages claimed (*see, Denby v Seaboard World Airlines,* 737 F2d 172; *cf. Highlands Ins. Co. v Trinidad & Tobago [BWIA Intl.] Airways Corp.,* 739 F2d 536, 540). However, because there appears to be a question as to whether the signature of plaintiff's president is on the document, an issue of fact exists which prohibits the award of summary judgment with respect to the second cause of action. Accordingly, the order appealed from must be modified accordingly.

Plaintiff also challenges the dismissal of its first cause of action for failure to comply with the notice provisions of article 26 of the Warsaw Convention, arguing that article 26 notice was unnecessary because the shipped goods (perishable cheeses) were destroyed rather than damaged (*see, Dalton v Delta Airlines,* 570 F2d 1244; *Hughes-Gibb & Co. v Flying Tiger Line,* 504 F Supp 1239). Not having made this argument before Special Term, plaintiff may not raise it for the first time on appeal. In any event, were we to reach the merits, we would reject plaintiff's contention. In *Dalton* (*supra*) and *Hughes-Gibb* (*supra*), the destroyed goods were animals that had arrived at their destination dead. The destroyed condition of the animals was immediately apparent. In the case at bar, however, the allegedly defective quality of the cheese was not obvious. There is no indication that defendant was aware that the food had perished (if, indeed, it had at the point it delivered the cheese to plaintiff's trucker) and plaintiff's trucker acknowledged receipt of the cargo "in good order & condition". Hence, the *Dalton-Hughes-Gibb* principle would be inapplicable to the instant case, which involves, at best, latent destruction as opposed to patent destruction (*see,*

*American Breeders Serv. v KLM Royal Dutch Airlines,* 17 Avi 17, 103; *see also, Highlands Ins. Co. v Trinidad & Tobago [BWIA Intl.] Airways Corp., supra,* p 539 [observing that if the *Dalton* rationale applies other than in animal cases, "it controls only situations where the destruction is both total and obvious"]). Hence, timely notice was required. Plaintiff does not argue on appeal that such notice was provided. Thus, plaintiff's first cause of action was properly dismissed (Warsaw Convention, art 26 [4]).

Finally, in light of defendant's failure to draw this court's attention to the reversal of the United States District Court's decision in *Denby v Seaboard World Airlines* (575 F Supp 1134, *revd* 737 F2d 172, *supra*), we are granting costs to the plaintiff. Defendant's counsel, who relied on the lower court decision in *Denby* in his brief, was also counsel in the *Denby* case, and at the time the appeal in the instant case was submitted must have been, or should have been, aware of the reversal in *Denby* by the Second Circuit Court of Appeals several months earlier. There is no excuse for the failure to bring that fact to this court's attention (*see, Matter of Cicio v City of New York,* 98 AD2d 38; *Matter of Universal Mins.,* 755 F2d 309, 313). Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.