IRWIN MILLER et al., Respondents, v KINGS HIGHWAY HOSPITAL, INC., Appellant. (And a Third-Party Action.) [638 NYS2d 489]

Contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion by granting the plaintiffs' motion to quash the subpoena served on the American Express Travel Related Services Company, Inc. Since the injured plaintiff's main cause of action to recover damages for the loss of enjoyment of life relates to his inability to perform surgery rather than his inability to engage in recreational activities, the subpoenaed documents are not material and necessary to the defense of this action (*see,* CPLR 3101 [a]; *Titleserv, Inc. v Zenobio,* 210 AD2d 314).

Likewise, the Supreme Court did not improvidently exercise its discretion by, in effect, denying the appellant's cross motion to compel the plaintiffs to comply with its numerous discovery demands. The plaintiffs have already produced their income tax returns for the two years before the accident, the year of the accident, and the year after the accident (*see, Huntington Tobacco Co., Inc. Money Pension & Profit Sharing Fund v Fromer,* 193 AD2d 718), and they have also produced relevant business documents. The other information and documents that the appellant seeks are not material and necessary to the defense of this action (*see,* CPLR 3101 [a]). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.