■ Yolanda Gonzalez et al., Respondents, v International Business Machines Corporation et al., Defendants, and Litton Industries, Inc., Appellant. [654 NYS2d 327] —In an action to recover damages for personal injuries, etc., the defendant Litton Industries, Inc., appeals (1) as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated November 28, 1995, as denied that branch of its motion which was to compel a proper response to its demand for discovery and inspection, and (2) from an order of the same court, dated May 8, 1996, which denied its motion to strike the plaintiffs' complaint for failure to comply with so much of the order dated November 28, 1995, as directed the plaintiffs to serve a bill of particulars.

Ordered that the order dated November 28, 1995, is affirmed

insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 8, 1996, is affirmed, without costs or disbursements.

Contrary to the appellant's contention, an examination of the plaintiffs' response to the appellant's discovery demands supports the Supreme Court's conclusion that the plaintiffs adequately responded to all but those portions of the demands which were of an overly-broad and burdensome nature, or which sought privileged material (*see, Holness v Chrysler Corp.*, 220 AD2d 721; *Harris v City of New York*, 211 AD2d 663; *Blair Communications v Reliance Capital Group*, 182 AD2d 578). Accordingly, the court properly denied the appellant's motion, *inter alia*, to compel a proper response.

Furthermore, the court did not err in summarily denying the appellant's motion to strike the complaint since counsel for the appellant failed to confer with counsel for the plaintiffs in a good faith effort to resolve the issues raised by the motion (*see*, 22 NYCRR 202.7; *Koelbl v Harvey*, 176 AD2d 1040; *cf., Murphy v Capone*, 168 AD2d 436). Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.