■ JOHN BARNES, Respondent, v NYNEX, INC., Appellant. [711 NYS2d 893] —In an action to recover damages for age and disability discrimination, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 14, 1999, which, *sua sponte*, in effect, vacated a prior order of the same court entered October 14, 1999, denying the plaintiff's motion to compel discovery, and thereupon granted the plaintiff's motion to compel discovery.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the order entered October 14, 1999 is reinstated.

Because the plaintiff's attorney failed to provide the required affirmation of a good faith effort to resolve the discovery dispute (*see,* 22 NYCRR 202.7 [a]), the Supreme Court, in the order entered October 14, 1999, properly denied the plaintiff's motion insofar as it sought to compel the defendant to produce certain documents (*see, Romero v Korn,* 236 AD2d 598; *Matos v Mira Realty Mgt. Corp.,* 240 AD2d 214). Moreover, the purported good faith affirmation submitted to the Supreme Court two weeks after entry of the order was improperly considered by the Supreme Court. On its face, the affirmation was inadequate to comply with the requirements of 22 NYCRR 207.7 (a) since it failed to discuss the notice for discovery and inspection which was the subject of the plaintiff's motion to compel (*see, Gonzalez v International Bus. Machs. Corp.,* 236 AD2d 363; *Cerreta v New Jersey Tr. Corp.,* 251 AD2d 190). Thus, the Supreme Court erred in vacating the order denying the plaintiff's motion. Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.