■ MARIO BETTAN, Appellant, v GEICO GENERAL INSURANCE COMPANY, Respondent. [745 NYS2d 545] —In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Lisa, J.), dated May 21, 2001, which, inter alia, denied that branch of his motion which was to strike the answer for failure to comply with discovery demands, granted those branches of the defendant's cross motion which were (a) pursuant to CPLR 3211 (a) (7) to dismiss the second through seventh causes of action, and (b) for a protective order vacating his notice for discovery and inspection, and his interrogatories, and denied his separate motion for class action certification.

Ordered that the order is affirmed insofar as appealed from, with costs.

Accepting the allegations of the complaint as true and giving the plaintiff the benefit of every favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (*see Leon v Martinez,* 84 NY2d 83, 87-88), we agree with the Supreme Court that causes of action two through seven in the complaint failed to state a cause of action.

The second cause of action, alleging unjust enrichment, is duplicative of the first cause of action, alleging breach of contract, because both causes of action seek damages for events arising from the same subject matter that is governed by an enforceable contract. As such, the cause of action to recover for unjust enrichment should be dismissed (*see Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d 667, 668; *see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388). To the extent that the plaintiff's third cause of action alleges "insurance bad faith" based upon the defendant's alleged failure to adequately investigate his claim, and in the defendant's alleged "intentional and malicious" delay of payment of his claim, he failed to state a cause of action. The plaintiff's claim "amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages" (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 319-320; *see Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 615). Similarly, the fourth cause of action, charging "a violation of insurance law" is essentially the same claim. Further, there is currently no private cause of action for unfair claim settlement practices, which is what the plaintiff seeks to assert in this cause of action (*see* Insurance Law § 2601; *Rocanova v Equitable Life Assur. Socy. of U.S., supra* at 614).

The plaintiff also failed to state a cause of action in his request for a declaration that the defendant is a "bad faith insurer." This cause of action does not allege what rights or legal relationship between the parties need clarification. Therefore, a declaratory judgment is inappropriate (*see* CPLR 3001; *cf. Klostermann v Cuomo,* 61 NY2d 525, 538). The plaintiff's sixth cause of action is to recover damages for the infliction of pain and suffering on the public. The Supreme Court properly dismissed this cause of action because "absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty" (*Wehringer v Standard Sec. Life Ins. Co. of N.Y.,* 57 NY2d 757, 759). The Supreme Court also properly dismissed the seventh cause of action seeking an accounting. The equitable relief of an accounting is not available since no fiduciary relationship existed between the parties (*see Weisman v Awnair Corp. of Am.,* 3 NY2d 444, 450; *Berke v Hamby,* 279 AD2d 491, 492).

The Supreme Court properly found that the plaintiff failed to

meet his "burden of establishing * * * that the prerequisites" under CPLR 901 for the maintenance of a class action were met (*Canavan v Chase Manhattan Bank,* 234 AD2d 493, 494; *see* CPLR 902; *see also Chimenti v American Express Co.,* 97 AD2d 351, 352).

The Supreme Court properly vacated the plaintiff's discovery notice, as most of the demands contained therein were palpably improper, in that they either sought irrelevant information, were vague, or were of an overbroad and burdensome nature (*see Gonzalez v International Bus. Machs. Corp.,* 236 AD2d 363; *Holness v Chrysler Corp.,* 220 AD2d 721, 722; *see also Aeron Aviation Corp. v Chemco Intl. Leasing,* 117 AD2d 573, 574). The Supreme Court also properly vacated the plaintiff's interrogatories, as most of the interrogatories were palpably improper (*see Curran v Upjohn Co.,* 122 AD2d 929, 930). Under these circumstances, the Supreme Court properly refused to strike the answer as a sanction for the defendant's failure to respond to the discovery notice or the interrogatories (*see Faith v Boston Old Colony Ins. Co.,* 76 AD2d 900).

The plaintiff's remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.