EDWIN NACHBAUR, Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [752 NYS2d 605] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 29, 2002, which denied plaintiff's motion for a default judgment and class certification and granted defendant's cross motion to the extent of dismissing the complaint pursuant to CPLR 3211 (a) (7), enjoining plaintiff's commencement of specified new litigation, and directing that the issues of frivolous litigation practices and the amounts of sanctions to be imposed and attorneys' fees to be awarded, if any, be referred to a special referee to hear and report, and order, same court and Justice, entered May 6, 2002, which imposed a sanction in the amount of $5,000 on plaintiff's attorney, unanimously affirmed, with costs. A sanction is imposed on plaintiff's attorney, Teddy I. Moore, for frivolous conduct in prosecuting this appeal, in the amount of $5,000, payable to the Lawyers' Fund for Client Protection, and the matter is remanded to Supreme Court for a determination of the amount of reasonable attorneys' fees incurred in responding to this appeal and for entry of an appropriate judgment pursuant to 22 NYCRR 130-1.2.

This action is related to a personal injury action pending in Civil Court stemming from a car accident in which plaintiff, a pedestrian, was allegedly injured. Plaintiff's verified complaint in this action seeks recovery from the driver's insurance company for, inter alia, bad faith breach of the driver's insurance contract in refusing to settle for an amount above the limit set forth in the policy.

The verified complaint was properly dismissed in its entirety. There is no merit to plaintiff's cause of action for bad faith breach or his request for declaratory relief based on the same theory since, among other reasons, he was not an intended beneficiary of the driver's policy and the insurance company offered to settle for the amount of the policy limit. Plaintiff's interpretation of the policy limit is clearly untenable. Plaintiff's other causes of action are similarly without merit (see Bettan v Geico Gen. Ins. Co., 296 AD2d 469).

The branch of plaintiff's motion seeking a default judgment was properly denied since it was brought before defendant's time to answer had expired.

In the absence of any viable cause of action, class certification was properly denied, as well as for the additional reason that the request for such certification was made without evidentiary support (*see Bettan v Geico Gen. Ins. Co.*, *supra*; *Chimenti v American Express Co.*, 97 AD2d 351, 352, *appeal dismissed* 61 NY2d 669) and based on the motion court's apt recognition that, in view of all that had transpired before him, neither plaintiff nor his attorney could adequately represent the proposed classes.

The motion court's reference of the sanctions issue constituted a proper exercise of discretion in light of plaintiff's and his attorney's repetitive and meritless motions, including, but not limited to, the improper anticipatory default motion in this action and a similar motion in the underlying personal injury action for a default for failure to appear at a deposition that was interposed before the deposition was even scheduled, the frivolousness of the verified complaint and the utterly useless motion papers submitted by plaintiff's attorney. Under the totality of the circumstances, the imposition of a separate sanction based upon a letter sent to the court insulting opposing counsel, compounded by a flimsy and misguided attempt to justify it, was also appropriate.

The motion court also properly exercised its discretion in granting the injunction, which we construe as limited to barring motions in this action and the commencement of future actions relating to the facts and circumstances of the underlying personal injury action and the insurance coverage and payment under the driver's policy, but not to motions in the personal injury action, since the motion court expressly declined to involve itself in the Civil Court matter.

We impose sanctions and award attorneys' fees for the prosecution of this frivolous appeal. The $4\frac{1}{2}$- and $3\frac{1}{2}$-page appellate briefs submitted by plaintiff's attorney, completely devoid of relevant discussion, are vividly reflective of the appeal's utter lack of even arguable merit. In addition, plaintiff's attorney replicates the conduct sanctioned in Supreme Court by repeating the insult directed at opposing counsel, adds to that insult with new invective, makes baseless, serious accusations against the motion court, makes unsupported accusations against defendant, seriously mischaracterizes the record and makes no reference to recent adverse authority. We note that plaintiff's attorney has a history of relentlessly pursuing meritless litigation, including frivolous appeals (*see Moore v Time, Inc.*, 180 F3d 463, *cert denied* 528 US 932; *Hoffman v City of New York*, 172 F3d 37; *M.G. Anonymous v Immigration & Naturalization*

*Serv.*, 1996 WL 648975, 1996 US Dist LEXIS 16555 [SD NY, Nov. 7, 1996], *affd* 122 F3d 1055, *cert denied* 522 US 957), and observe that two of these cases involved proposed class actions.

We particularly disapprove of the failure of plaintiff's attorney to cite adverse authority. The failure is especially glaring in this case since plaintiff's attorney represented the losing appellant in *Bettan* (*supra*), a Second Department case issued a matter of weeks before plaintiff's reply brief on the instant appeal was submitted, which precisely addresses five out of six of plaintiff's causes of action as well as the issue of class certification (*see Amazon Coffee Co. v Trans World Airlines*, 111 AD2d 776, 778) and, unless and until overruled or disagreed with by this Court, is "controlling" authority that plaintiff's attorney was obligated to bring to the attention of this Court (*see Matter of Cicio v City of New York*, 98 AD2d 38; *Merl v Merl*, 128 AD2d 685; *see also Mountain View Coach Lines v Storms*, 102 AD2d 663, 664-665).

We have considered plaintiff's other contentions for affirmative relief and find them to be completely without merit. Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.