■ In the Matter of MASPETH OPERATING CORPORATION, Petitioner, v RAYMOND P. MARTINEZ, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [779 NYS2d 536]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Raymond P. Martinez, the Commissioner of the New York State Department of Motor Vehicles, dated November 18, 2002, which confirmed the findings of an Administrative Law Judge, made after a hearing, that the petitioner violated New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b) (9) and (10), and Vehicle and Traffic Law § 401 (7) (F) (b), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Substantial evidence has been defined as "such relevant proof

as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]).

The testimony of the traffic enforcement agent who issued the summonses regarding the location of the weighing site and her training, accompanied by documentation establishing the accuracy of the scales she used in weighing the petitioner's vehicle, provided a sufficient basis for the determination of the Administrative Law Judge (*see Matter of City Hawk Indus. v Martinez*, 2 AD3d 635; *Matter of Maspeth Ave. Operating Corp. v Martinez*, 2 AD3d 446 [2003]; *Matter of Scara-Mix, Inc. v Martinez*, 305 AD2d 418 [2003]). As the determination is supported by substantial evidence, we decline to disturb it.

The petitioner's remaining contentions are without merit. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.