■ FEDERICO ASTUDILLO et al., Respondents, v ST. FRANCIS-BEACON EXTENDED CARE FACILITY, INC., Appellants. [784 NYS2d 645]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 1, 2003, which denied their motion for a protective order striking the plaintiffs' additional demands for production.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion for a protective order is granted, and the plaintiffs' additional demands for production are stricken.

The Supreme Court improvidently exercised its discretion in denying the defendants' motion for a protective order with respect to the plaintiffs' additional demands for production, which were contained in a notice for discovery and inspection dated May 20, 2003. The plaintiffs' additional demands, containing 75 requests, some with multiple subparts, were palpably improper, in that they were overbroad, burdensome, failed to specify with reasonable particularity many of the documents demanded, or sought irrelevant information (*see* CPLR 3120 [2]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 471 [2002]; *Holness v Chrysler Corp.*, 220 AD2d 721, 722 [1995]; *cf. Gonzalez v International Bus. Machs. Corp.*, 236 AD2d 363, 364 [1997]). Under these circumstances, striking the additional demands was the appropriate remedy rather than pruning them (*see Latture v Smith*, 304 AD2d 534, 536 [2003]; *EIFS, Inc. v Morie Co.*, 298 AD2d 548, 549 [2002]; *Apple Bank for Sav. v Noah's Rte. 110*, 210 AD2d 277 [1994]), without prejudice to the plaintiffs' serving a proper set of document requests. Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.