■ In the Matter of ISABELLA CITY CARTING CORP., Petitioner, v RAYMOND P. MARTINEZ, as Commissioner of the New York State Department of Motor Vehicles, Traffic Violations Bureau, Respondent. [789 NYS2d 494]—

Determination of respondent, dated February 13, 2003, which affirmed the findings of an Administrative Law Judge (ALJ), made after a hearing, that petitioner had violated the weight provisions of the Vehicle and Traffic Law and the New York City Traffic Rules and Regulations, and imposed a penalty, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of the Supreme Court, New

York County [Norma Ruiz, J.], entered January 14, 2004) dismissed, with costs.

The determination that petitioner's vehicle was overweight, in violation of Vehicle and Traffic Law § 401 (7) (F) and New York City Traffic Rules and Regulations (34 RCNY) § 4-15 (b), is supported by substantial evidence. The officer who issued the summonses testified credibly regarding her training, the condition of the roadway where the truck was weighed, the manner in which the weighing was conducted, and the weight and measurements recorded (*see Matter of IESI NY Corp. v Martinez*, 11 AD3d 215 [2004]). Documents were submitted indicating the accuracy of the scales and measuring tapes utilized.

Service of the summonses upon petitioner's driver was sufficient to obtain personal jurisdiction over petitioner, and in any event, jurisdictional objections were waived when petitioner appeared and challenged the charges against it at the administrative hearing (*see Matter of DeLaurie Assoc. v Martinez*, 11 AD3d 213 [2004]).

Petitioner's assertion that the determination should be annulled because the summonses failed to list the specific location where the truck was weighed is without merit, and the due process arguments in this respect are unavailing. The summonses were sufficient, on their face, to apprise petitioner of the charges against it, and accordingly, petitioner was not deprived of the opportunity to prepare its defense to those charges (*see Matter of Ferguson Hauling Corp. v Martinez*, 11 AD3d 214 [2004]).

A sufficient basis exists for the ALJ's determination, and there is no reason to disturb it. We have considered petitioner's remaining contentions and find them without merit.

Finally, we note with disapproval that counsel for petitioner has brought approximately 70 proceedings in this Court and the Second Department, in which the same or similar arguments have been repeatedly raised, and has failed to mention in his appellate briefs the existence of case law rejecting his arguments (*see e.g. Matter of DeLaurie Assoc., supra*; *Matter of Clinton Ave. Constr. Corp. v Martinez*, 8 AD3d 273 [2004]; *Matter of Ferguson Hauling Corp., supra*; *Matter of Maspeth Operating Corp. v Martinez*, 8 AD3d 670 [2004]; *Matter of New York Paving, Inc. v Martinez*, 1 AD3d 518 [2003]). We have previously explained that counsel has an obligation to bring adverse authority to the attention of this Court (*see Nachbaur v American Tr. Ins. Co.*, 300 AD2d 74, 76 [2002], *lv dismissed* 99 NY2d 576 [2003], *cert denied sub nom. Moore v American Tr. Ins. Co.*, 538 US 987 [2003]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Williams and Sweeny, JJ.