■ LAW OFFICES BINDER & BINDER, P.C., Appellant, v GERALD M. O'SHEA, Respondent. [848 NYS2d 178]—

In an action to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated October 23, 2006, as denied its motion pursuant to CPLR 3124 to compel the defendant to comply with certain document demands and to answer an interrogatory and precluded further discovery.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof which precluded further discovery; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further discovery proceedings in accordance herewith.

The Supreme Court properly denied that branch of the plaintiff's motion which was to compel the defendant to produce documents demanded in request numbers 11, 14, and 28 of the plaintiff's "demand for discovery and inspection" since those requests were overly broad or sought irrelevant documents (*see Astudillo v St. Francis-Beacon Extended Care Facility, Inc.,* 12 AD3d 469, 470 [2004]; *Latture v Smith,* 304 AD2d 534, 535-536 [2003]; *Bettan v Geico Gen. Ins. Co.,* 296 AD2d 469, 471 [2002]). The Supreme Court also properly denied that branch of the plaintiff's motion which was to compel the defendant to answer interrogatory number 16, which asked the defendant, inter alia, to state the facts he relied upon in support of his denials and his special or affirmative defenses. This interrogatory was vague and overbroad, and sought privileged matter (*see Gonzalez v International Bus. Machs. Corp.,* 236 AD2d 363, 364 [1997]; *Forest Bay Homes v Kosinski,* 73 AD2d 684 [1979]).

The Supreme Court, however, improvidently exercised its discretion in precluding further discovery. Under the circumstances of this case, the plaintiff should have been permitted to take depositions in order to obtain material and necessary information not adequately supplied through the interrogatories and

demands (*see Samide v Roman Catholic Diocese of Brooklyn*, 16 AD3d 482, 483 [2005]; *W.A.W.R., Inc. v Mohawk Finishing Prods.*, 94 AD2d 702 [1983]; *Katz v Posner*, 23 AD2d 774 [1965]). Thus, we remit the matter to the Supreme Court, Suffolk County, for this purpose. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.