■ TAJI COMMUNICATIONS, INC., et al., Respondents, v BRONX-VILLE TOWERS APARTMENTS CORP. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [849 NYS2d 890]—

In an action, inter alia, to recover damages for injury to property and breach of a lease, the defendants Bronxville Towers Apartments Corp., Barhite and Holzinger, Inc., and Randy Elson appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 26, 2007, as, in effect, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel them to respond to certain discovery demands.

Ordered that the order is reversed insofar as appealed from, on facts and in the exercise of discretion, with costs, and that branch of the motion which was pursuant to CPLR 3124 to compel the appellants to respond to certain discovery demands is denied.

The Supreme Court improvidently exercised its discretion by, in effect, granting that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel the appellants to respond to certain discovery demands (see *Olexa v Jacobs*, 36 AD3d 776 [2007]; *Holness v Chrysler Corp.*, 220 AD2d 721

[1995]). The plaintiffs' demands for discovery and inspection were overly broad and sought irrelevant documents (*see* CPLR 3120 [1]; *Law Offs. Binder & Binder, P.C. v O'Shea*, 44 AD3d 626 [2007]; *Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d 469 [2004]; *Ritchie v Carvel Corp.*, 180 AD2d 788 [1992]). Under these circumstances, since striking the demands would be "the appropriate remedy" (*Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d at 470), the appellants should not have been compelled to respond. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.