■ EULAN EUBA, Appellant, v JANCIE EUBA, Defendant, and HOMECOMINGS FINANCIAL NETWORK, INC., Respondent. [911 NYS2d 402]—

In an action pursuant to RPAPL 1515 to compel a determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated

November 25, 2008, which denied her motion to compel discovery and granted those branches of the cross motion of the defendant Homecomings Financial Network, Inc., which were for summary judgment dismissing the causes of action to recover damages for fraud and negligence insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in denying the plaintiff's motion to compel discovery. While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion. Its determination will not be disturbed absent an improvident exercise of that discretion (*see Napoli v Crovello*, 49 AD3d 699 [2008]; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]; *Blagrove v Cox*, 294 AD2d 526 [2002]). An examination of the responses of the defendant Homecomings Financial Network, Inc. (hereinafter Homecomings), to the plaintiff's discovery demands shows that Homecomings adequately responded to all but those portions of the demands which were overly broad, burdensome, or irrelevant (*see Taji Communications, Inc. v Bronxville Towers Apts. Corp.*, 48 AD3d 551 [2008]; *Law Offs. Binder & Binder, P.C. v O'Shea*, 44 AD3d 626 [2007]; *Gonzalez v International Bus. Machs. Corp.*, 236 AD2d 363 [1997]).

The plaintiff failed to show that additional discovery was material and necessary to her prosecution of this action. The Supreme Court providently exercised its discretion in denying the plaintiff's motion to compel Homecomings to comply with her disclosure requests (*see Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]; *Miller v Kings Highway Hosp.*, 225 AD2d 532 [1996]). Furthermore, the plaintiff's contention that the Supreme Court should have deemed her response to the notice to admit to be timely is without merit.

The Supreme Court also did not err in granting Homecomings' cross motion for summary judgment dismissing the causes of action to recover damages for fraud and negligence insofar as asserted against it. Homecomings established its prima facie entitlement to judgment as a matter of law by showing that the plaintiff failed to plead any of the material elements of a fraud cause of action against Homecomings in her complaint (*see Tenenbaum v Gibbs*, 27 AD3d 722 [2006]; *Tal v Superior Vending, LLC*, 20 AD3d 520 [2005]), and that it owed no duty to the plaintiff to prevent the defendant Jancie Euba from inducing her to enter into a fraudulent mortgage transaction (*see*

*Mathurin v Lost & Found Recovery, LLC*, 65 AD3d 617 [2009]). Homecomings also established, prima facie, that it had no duty to the plaintiff to ascertain the validity of the documentation provided by Jancie Euba in her mortgage application (*see Tenenbaum v Gibbs*, 27 AD3d 722 [2006]), or to ascertain the accuracy of the information provided to it by Jancie Euba (*see Beckford v Northeastern Mtge. Inv. Corp.*, 262 AD2d 436 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.