In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 7, 2012, which denied their unopposed motion, in effect, to vacate so much of a prior order of the same court entered July 3, 2012, as granted that branch of the defendants’ unopposed motion which was pursuant to CPLR 3126 to preclude the plaintiffs from introducing evidence at trial of the infant plaintiff’s neurological injuries based upon the infant plaintiff’s failure to appear for a neurological examination.
Ordered that the order entered November 7, 2012, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the plaintiffs’ unopposed motion, in effect, to vacate so much of the order entered July 3, 2012, as granted that branch of the defendants’ unopposed motion which was pursuant to CPLR 3126 to preclude the plaintiffs from introducing evidence at trial of the infant plaintiffs neurological injuries is granted.
*904 To vacate their default in opposing that branch of the defendants’ motion which was pursuant to CPLR 3126 to preclude the plaintiffs from introducing evidence at trial of the infant plaintiffs neurological injuries, which was granted in an order entered July 3, 2012, the plaintiffs were required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to that branch of the motion (see CPLR 5015 [a] [1]; Schenk v Staten Is. Univ. Hosp., 108 AD3d 661, 662 [2013]; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d 790 [2013]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076 [2012]). “Whether a proffered excuse is ‘reasonable’ is a ‘sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits’ ” (Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [2013], quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]). Considering all of the relevant factors here, including the lack of prejudice to the defendants, the lack of willfulness on the part of the plaintiffs, and the fact that the parties entered into a stipulation to vacate the order entered July 3, 2012, just 15 days after that order was entered, the Supreme Court should have accepted the plaintiffs’ excuse for the default (see Moore v Day, 55 AD3d 803, 804 [2008]; Hospital for Joint Diseases v Dollar Rent A Car, 25 AD3d 534 [2006]; Harcztark v Drive Variety, Inc., 21 AD3d 876 [2005]; Orwell Bldg. Corp. v Bessaha, 5 AD3d 573 [2004]).
Furthermore, the plaintiffs demonstrated a potentially meritorious opposition to the subject branch of the defendants’ motion. The defendants failed to provide an affirmation of a good-faith effort to resolve the discovery dispute as required by Uniform Rules for Trial Courts (22 NYCRR) § 202.7 (see Quiroz v Beitia, 68 AD3d 957, 960 [2009]; Natoli v Milazzo, 65 AD3d 1309, 1310 [2009]; Barnes v NYNEX, Inc., 274 AD2d 368 [2000]). In any event, there was no clear showing that the plaintiffs’ failure to comply with a compliance conference order entered May 7, 2012, was willful and contumacious (see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739 [2012]; Moray v City of Yonkers, 76 AD3d 618, 619 [2010]; Assael v Metropolitan Tr. Auth., 4 AD3d 443, 444 [2004]). Accordingly, the plaintiffs’ motion should have been granted. Angiolillo, J.P, Hall, Roman and Cohen, JJ., concur.