■ DAVID B. JACOBS, Appellant, v MICHAEL H. MOSTOW et al., Respondents. [19 NYS3d 902]—In an action, inter alia, to

recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered June 24, 2014, as denied those branches of his motion which were to extend the time to complete discovery and compel the defendants to respond to his discovery demands.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The Supreme Court has broad discretion to supervise disclosure to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" (*Ravnikar v Skyline Credit-Ride, Inc.*, 79 AD3d 1118, 1119 [2010]; *see Geffner v Mercy Med. Ctr.*, 83 AD3d 998 [2011]). "Discovery demands that are overly broad, are lacking in specificity, or seek irrevelant documents are improper" (*Matter of New York Cent. Mut. Fire Ins. Co. v Librizzi*, 106 AD3d 921, 921 [2013]; *see Conte v County of Nassau*, 87 AD3d 559, 560 [2011]). Here, the plaintiff's discovery demands were overly broad and unduly burdensome, and sought a large number of documents that were irrevelant to his remaining causes of action (*see Matter of New York Cent. Mut. Fire Ins. Co. v Librizzi*, 106 AD3d at 921-922; *Taji Communications, Inc. v Bronxville Towers Apts. Corp.*, 48 AD3d 551, 552 [2008]). Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to extend the time to complete discovery and compel the defendants to respond to his discovery demands. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.