■ FERRARA BROS. BUILDING MATERIALS CORP. et al., Respondents-Appellants, v FMC CONSTRUCTION, LLC, Defendant, and CASA REDIMIX CONCRETE CORP., Appellant-Respondent. [30 NYS3d 157]—

In an action to recover damages for breach of contract and tortious interference with contract, the defendant Casa Redimix Concrete Corp., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered December 12, 2013, as denied that branch of its motion which was to compel the plaintiffs to provide more specific answers to questions 1 through 5 of its second supplemental interrogatories, and (2) from so much of an order of the same court entered September 8, 2014, as denied that branch of its motion which was to compel the plaintiffs to produce documents responsive to items 5 through 15 of its third supplemental notice for discovery and production of documents and granted that branch of the plaintiffs' cross motion which was to strike items 5 through 13 of the third supplemental notice for discovery and production of documents, and the plaintiffs cross-appeal from so much of the order entered September 8, 2014, as granted that branch of the motion of the defendant Casa Redimix Concrete Corp., which was, in effect, for leave to serve a fourth supplemental notice for discovery.

Ordered that the order entered December 12, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered September 8, 2014, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Casa Redimix Concrete Corp.

"[T]he trial court is afforded broad discretion in supervising disclosure" (*Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008] [internal quotation marks omitted]; *see Jacobs v Mostow*, 134 AD3d 765, 766 [2015]; *Gould v Decolator*, 131 AD3d 445, 447 [2015]). " 'Discovery demands that are overly broad, are lacking in specificity, or seek irrevelant documents are improper' " (*Jacobs v Mostow*, 134 AD3d at 766, quoting *Matter of New York Cent. Mut. Fire*

*Ins. Co. v Librizzi*, 106 AD3d 921, 921 [2013]; *see Diaz v City of New York*, 117 AD3d 777, 777-778 [2014]). Here, the plaintiffs established that the subject discovery demands made by the defendant Casa Redimix Concrete Corp. (hereinafter Casa) sought irrevelant information (*see Jacobs v Mostow*, 134 AD3d at 766; *Diaz v City of New York*, 117 AD3d at 778; *30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co.*, 115 AD3d 737, 738 [2014]). Accordingly, the Supreme Court providently exercised its discretion in denying those branches of Casa's separate motions which were to compel the plaintiffs to provide more specific answers to questions 1 through 5 of its second supplemental interrogatories and to produce documents responsive to items 5 through 15 of its third supplemental notice for discovery and production of documents. For the same reason, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was to strike items 5 through 13 of the third supplemental notice for discovery and production of documents. Contrary to the plaintiffs' contention, however, the Supreme Court providently exercised its discretion in granting that branch of Casa's motion which was, in effect, for leave to serve a fourth supplemental notice for discovery (*see Martino v Mid-Island Hosp.*, 73 AD2d 592, 592 [1979]; *Itzkoff v Allstate Ins. Co.*, 59 AD2d 854, 855 [1977]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.