Lurie v Lurie (2024 NY Slip Op 02182)

Lurie v Lurie

2024 NY Slip Op 02182

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-04524
 (Index No. 515908/18)

[*1]Neil Lurie, respondent-appellant, et al., plaintiff,
v
Abraham Lurie, et al., appellants-respondents.

Law Offices of Louis Venezia, P.C., Forest Hills, NY, for appellants-respondents.
Morrison Cohen LLP, New York, NY (Y. David Scharf, Kristin T. Roy, Joaquin Ezcurra, and Joseph J. Kamelhar of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff Neil Lurie is the sole owner and stockholder of the plaintiff Lurie Management Corp., to impose a constructive trust, and to recover damages for breach of fiduciary duty, the defendants appeal, and the plaintiff Neil Lurie cross-appeals, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 21, 2021. The order, insofar as appealed from, granted that branch of the plaintiffs' cross-motion which was to compel the defendants to respond to stated portions of the plaintiff's first request for the production of documents, second set of interrogatories to the defendant Abraham Lurie, and third set of interrogatories. The order, insofar as cross-appealed from, granted those branches of the motions of the defendant Abraham Lurie which were to quash certain subpoenas and denied those branches of the plaintiffs' cross-motion which were to compel the defendants to comply with other stated portions of the plaintiffs' first request for the production of documents and pursuant to CPLR 3126 to preclude the use of certain handwriting exemplars not timely produced by the defendants in response to the plaintiffs' second request for the production of documents.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs' cross-motion which was to compel the defendants to respond to the plaintiffs' second set of interrogatories to the defendant Abraham Lurie for information identifying any gifts, transfers, devises and/or bequests made from January 1, 1998, through the present by the defendant Abraham Lurie to Susan Lurie, Leila Lurie, Louis Venezia, and/or any children of Leila Lurie, and substituting therefor a provision denying that branch of the cross-motion except to the extent that the plaintiffs Neil Lurie and Lurie Management Corp. sought to compel the defendants to respond to the plaintiffs' second set of interrogatories to the defendant Abraham Lurie for information identifying any gifts, transfers, devises, and/or bequests made in 2012 by the defendant Abraham Lurie to Susan Lurie, Leila Lurie, Louis Venezia, and/or any children of Leila Lurie; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Abraham Lurie.
In 2018, the plaintiffs, Neil Lurie and Lurie Management Corp. (hereinafter LMC), commenced this action against the defendant Abraham Lurie and the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust (hereinafter collectively the Trust defendants, and together with Abraham Lurie, the defendants), inter alia, for a judgment declaring that Neil Lurie is the sole owner and stockholder of LMC. The plaintiffs alleged, among other things, that the defendant Abraham Lurie gifted ownership of LMC to Neil Lurie via a stock certificate executed by Abraham [*2]Lurie in 1998. The defendants' answers asserted counterclaims, inter alia, for a judgment declaring that the Trust defendants are the sole shareholders of LMC and an accounting. The defendants moved for summary judgment on their counterclaims for declaratory relief and an accounting, which motion was denied by the Supreme Court in an order dated February 4, 2021, and affirmed by this Court on a prior appeal (see Lurie v Lurie, 200 AD3d 669).
Subsequent thereto, Abraham Lurie moved, inter alia, pursuant to CPLR 2304 to quash subpoenas served by the plaintiffs upon his litigation counsel, Louis Venezia, and his estate-planning counsel, Jeffrey Asher. The plaintiffs cross-moved, among other things, pursuant to CPLR 3124 and rule 11-a of the Rules of the Commercial Division of the Supreme Court [22 NYCRR 202.70(g)] to compel the defendants to comply with stated portions of the plaintiffs' first request for the production of documents concerning the transfer, formation, management, and agreements relative to the Trust defendants, the second set of interrogatories to Abraham Lurie, and the third set of interrogatories for "good cause shown" (Rules of Commercial Div of Sup Ct [22 NYCRR 202.70(g)] rule 11-a[c][2]) and pursuant to CPLR 3126 to preclude the use of handwriting exemplars of LMC's accountant, Steven Podlas, not timely produced by the defendants in response to the plaintiffs' second request for the production of documents.
By order dated April 21, 2021 (hereinafter the April 2021 order), the Supreme Court, inter alia, granted that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3124 and rule 11-a of the Rules of the Commercial Division of the Supreme Court [22 NYCRR 202.70[g]) to compel the defendants to respond to stated portions of the plaintiffs' first request for the production of documents, second set of interrogatories to the defendant Abraham Lurie, and third set of interrogatories for information identifying any gifts, transfers, devises, and/or bequests made by Abraham Lurie to Susan Lurie, Leila Lurie, Louis Venezia, and/or any children of Leila Lurie from January 1, 1998, through the present, payments, among other things, made by Abraham Lurie on LMC's accounts or toward real estate taxes or any loans to certain companies, and Abraham Lurie's claimed role as a consultant to LMC. The court also granted those branches of Abraham Lurie's motions which were pursuant to CPLR 2304 to quash the subpoenas served upon his attorneys, Venezia and Asher. The court denied those branches of the plaintiffs' cross-motion which were pursuant to CPLR 3124 and rule 11-a of the Rules of the Commercial Division of the Supreme Court [22 NYCRR 202.70[g]) to compel the defendants to comply with stated portions of the plaintiffs' first request for the production of documents concerning the transfer, formation, management, and agreements relative to the Trust defendants and pursuant to CPLR 3126 to preclude the use of handwriting exemplars of Podlas not timely produced by the defendants in response to the plaintiffs' second request for the production of documents. The defendants appeal, and Neil Lurie cross-appeals.
CPLR 3101(a)(1) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party." "'The test is one of usefulness and reason'" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary'—i.e., relevant" (Forman v Henkin, 30 NY3d 656, 661). "The words 'material and necessary' as used in section 3101 must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Matter of Kapon v Koch, 23 NY3d 32, 38, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d at 406).
CPLR 3130(1) provides that "after commencement of an action, any party may serve upon any other party written interrogatories," which interrogatories "may relate to any matters embraced in the disclosure requirement of section 3101" (id. § 3131). Interrogatories other than those seeking information described in rule 11-a(b) of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70[g]) "may only be served: (1) if the parties consent; or (2) if ordered by the court for good cause shown" (Rules of the Commercial Div of Sup Ct [22 NYCRR 2020.70(g)] rule 11-a[c]). Pursuant to CPLR 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under [CPLR article 31], except a notice to admit under [CPLR] 3123, the party seeking disclosure may move to compel compliance [*3]or a response." "The trial court is vested with broad discretion over the supervision of discovery, and its determination will not be disturbed absent an improvident exercise of discretion" (Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856).
Here, the plaintiffs demonstrated that the defendants failed to substantively respond to the plaintiffs' second set of interrogatories to Abraham Lurie and third set of interrogatories and that most of the discovery sought therein was "material and necessary" to the prosecution of the action (CPLR 3101[a]). The plaintiffs further demonstrated that "good cause" (Rules of Commercial Div of Sup Ct [22 NYCRR 202.70(g)] rule 11-a[c]) existed for the interrogatories, including the interrogatory for information identifying any gifts, transfers, devises, and/or bequests made by Abraham Lurie to Susan Lurie, Leila Lurie, Louis Venezia, and/or any children of Leila Lurie in 2012. However, since the allegations in the complaint expressly limit the time period in which those gifts were purportedly given, the interrogatory for information identifying any gifts, transfers, devises, and/or bequests made by Abraham Lurie to those family members from January 1, 1998, through the present is overly broad and unduly burdensome. Any response would not be relevant to the issue of donative intent with respect to the ownership of LMC, except as to any gifts, transfers, devises, and/or bequests made by Abraham Lurie to Susan Lurie, Leila Lurie, Louis Venezia, and/or any children of Leila Lurie in 2012 (see Jacobs v Mostow, 134 AD3d 765, 766).
Contrary to Neil Lurie's contention, the Supreme Court providently exercised its discretion in granting those branches of Abraham Lurie's motions which were pursuant to CPLR 2304 to quash the subpoenas served on Abraham Lurie's attorneys, Venezia and Asher (see CPLR 3101[a]). Abraham Lurie established that the disclosure requested therein was irrelevant to any proper inquiry (see Elavon, Inc. v Meyer, 203 AD3d 1030, 1031; Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 875, 876). In opposition, the plaintiffs failed to establish that "the discovery sought is 'material and necessary' to the prosecution or defense of [this] action" (Matter of Kapon v Koch, 23 NY3d at 34; see Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613).
Likewise, there is no merit to Neil Lurie's contention that the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3124 and rule 11-a of the Rules of the Commercial Division of the Supreme Court [22 NYCRR 202.70[g]) to compel the defendants to respond to stated portions of the plaintiffs' first request for the production of documents seeking "[a]ll documents or communications concerning" the transfer, formation, management, and agreements relative to the Trust defendants. The requests were overbroad and burdensome, failed to specify with reasonable particularity many of the documents requested (see Matter of Terry D., 81 NY2d 1042, 1044; Star Auto Sales of Queens, LLC v Filardo, 216 AD3d 839, 840), and were not material and necessary to the central issue of Neil Lurie's claim to ownership of LMC, which he based exclusively on the 1998 stock certificate.
The Supreme Court also providently exercised its discretion in denying that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3126 to preclude the defendants' use of handwriting exemplars of Podlas not timely produced by the defendants in response to the plaintiffs' second request for the production of documents (see DeSilva v Rosenberg, 261 AD2d 503, 503). Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." The nature and degree of the penalty to be imposed under CPLR 3126 is a matter generally left to the court's discretion (see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). To invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious (see Moog v City of New York, 30 AD3d 490, 490). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (see Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019-1020).
Here, the plaintiffs did not demonstrate that the discovery was court-ordered or that they made repeated demands for the discovery they sought (see Lombardi v Lombardi, 190 AD3d 964, 967). Accordingly, that branch of the plaintiffs' cross-motion which was pursuant to CPLR [*4]3126 to preclude the defendants' use of handwriting exemplars of Podlas not timely produced by the defendants in response to the plaintiffs' second request for the production of documents was properly denied (see Margolin v Margolin, 117 AD3d 996, 997).
The defendants' remaining contentions are without merit.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court