■ SUSAN KHOURY, an Infant by Her Guardian ad Litem, VICTOR KHOURY, et al., Appellants, v. TIFO CAB CORP. et al., Respondents. TIFO CAB CORP., Respondent, v. NORTH STARLIGHT EXPORT CORP., Respondent.— In consolidated actions to recover damages for injury to person and property, medical expenses and loss of services, arising out of an automobile accident, the plaintiffs Khoury appeal from so much of an order of the Supreme Court, Kings County, dated February 13, 1964, made upon reargument of a motion by defendant Paul Lombardi (in his capacity as a plaintiff in one of the actions) for a preference in trial pursuant to CPLR 3403, as, by severing said action and granting such preference limited thereto, in effect vacated prior court orders consolidating the several actions. Order modified as follows: (1) by striking out the second and third decretal paragraphs severing the plaintiff Lombardi's action and directing that only such action be accorded a preference; and (2) by substituting therefor a paragraph according the preference in trial to all the actions as heretofore consolidated, and setting such actions down for trial at Trial Term, Part I, Supreme Court, Kings County, at the opening of the October 1964 Term. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to the plaintiffs Khoury payable by the defendant North Starlight Export Corp. In our opinion, the fact that plaintiff Lombardi is entitled to a preference which would not be available to the other plaintiffs except for the consolidation, is no reason for directing separate trials of these actions which arise out of a single motor vehicle collision (*Winter* v. *Powers,* 241 App. Div. 743; cf. *Edwards* v. *Lewin,* 284 App. Div. 28, 30). Lombardi's alleged default in submitting to a physical examination and exchanging medical information is immaterial (cf. *Cohen* v. *American Soc. for Prevention of Cruelty to Animals,* 20 A D 922). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.