■ Claudia Merl, Appellant, v Milton J. Merl, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated July 1, 1986, as granted custody of the parties' two children, pendente lite, to the defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon this record, it is apparent that the court properly considered the best interests of the children above all other factors (see, Domestic Relations Law § 70; Matter of Nehra v Uhlar, 43 NY2d 242) and rendered a reasoned and appropriate determination. In weighing the medical testimony, the court properly considered both the interests of compensated psychiatric experts as opposed to appointed experts as well as their opportunity to observe and develop reliable opinions of the parties' respective mental conditions (cf., Matter of Bennett v Jeffreys, 40 NY2d 543, 549). The court's findings of fact and evaluation of witnesses must be accorded the utmost respect (see, e.g., Matter of Irene O., 38 NY2d 776; Matter of Ebert v Ebert, 38 NY2d 700). Certainly, it cannot be said that it abused its discretion where, as here, it chose to credit the

testimony of a psychiatrist who, though paid to testify by one party, had treated both parties and their children to varying degrees over the previous eight years, over that of a court-appointed psychiatrist who had but a few hours experience with them. Furthermore, we find that the court properly weighed this expert testimony in rendering its decision.

We have examined the plaintiff's remaining contentions and find them to be without merit.

Lastly, we take this opportunity to remind counsel for the appellant that the function of an appellate brief is to assist, not mislead the court *(Matter of Cicio v City of New York,* 98 AD2d 38, 40). In their brief, the counsel for the appellant has improperly injected matters that are dehors the record, mischaracterized events and fabricated facts and issues. We admonish counsel that such attempts to mislead the court are in direct derogation of their professional obligations and will not be tolerated *(see also, Matter of Peterson v New York State Dept. of Correctional Servs.,* 100 AD2d 73, 78, n 5). " 'The process of deciding cases on appeal involves the joint efforts of counsel and the court. It is only when each branch of the profession performs its function properly that justice can be administered to the satisfaction of both the litigants and society and a body of decisions developed that will be a credit to the bar, the courts and the state' " *(Matter of Cicio v City of New York, supra,* at 40, quoting from *Matter of Greenberg,* 15 NJ 132, 137-138, 104 A2d 46, 49). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.