BESSIE GREEN, Appellant, v HERBERT VOGEL, Respondent.

Second Department, January 23, 1989

## APPEARANCES OF COUNSEL

*Shayne, Dachs, Stanisci & Corker (Jonathan A. Dachs* on the brief), for appellant.

*Bower & Gardner (Howard R. Cohen* and *Robert S. Cypher* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

 The instant appeal presents us with the question of whether a party to an action is automatically entitled to multiple trial preferences pursuant to the grounds set forth in CPLR 3403. We conclude that there is no automatic entitlement to the granting of more than one trial preference per action. Rather, we hold that a Trial Justice may, in accordance with the broad latitude granted by the Uniform Rules for the New York State Trial Courts and in the exercise of sound judicial discretion, facilitate the prompt trial of those actions which present extraordinary or exceptional circumstances in order to further the ends of justice.

The facts of this case are undisputed. By summons and complaint dated May 31, 1986, the plaintiff Bessie Green commenced this action against the defendant Dr. Herbert Vogel to recover compensatory and punitive damages for personal injuries allegedly caused by the defendant's medical malpractice in improperly prescribing the drug Lithium for the plaintiff. The plaintiff thereafter received a trial preference pursuant to CPLR 3403 (a) (5) on the basis that the action was one to recover for medical malpractice.

 By notice of motion dated April 28, 1988, the plaintiff moved for an additional trial preference pursuant to CPLR 3403 (a) (4), alleging that she had been born on January 15, 1902, and therefore was over 70 years of age. In support of the motion, the plaintiff's counsel contended that the granting of an additional preference was mandated as follows: "[i]t is respectfully submitted that the action should be placed ahead of all other medical malpractice cases, even those in which preferences pursuant to CPLR 3403 (a) 5 *[sic]* have been granted, inasmuch as the action is entitled to a preference under both subdivision 5 and subdivision 4 of paragraph (a) of Rule 3403. The obvious intent in allowing special preferences to person *[sic]* who have reached 70 years of age is to insure that their cases will be tried and that they

will be in a position to reap the fruits of victory during their lifetimes. In this case, where plaintiff has already passed her 86th birthday, the necessity for an immediate trial is compelling". While the plaintiff is of advanced age, there were no allegations that she is suffering from any life-threatening condition. The defendant opposed the motion, noting that the plaintiff already had received a trial preference based on the nature of the action and that CPLR 3403 makes no provision for multiple trial preferences. The defendant's counsel further noted that the parties had waived review of the case by a medical malpractice panel in an apparent effort to have the case resolved in a reasonably expeditious fashion. The plaintiff's motion was denied in an order of the Supreme Court, Kings County, dated May 18, 1988, thereby prompting the present appeal by the plaintiff. It was also agreed on oral argument that the Supreme Court had set a trial date for November 1988. While we are mindful of the possibility that the instant controversy has been rendered academic by virtue of the foregoing tentative trial date, we nevertheless conclude that the novelty and importance of the issue before us and the likelihood of its recurrence warrant the resolution of the matter on the merits (see generally, Matter of Hearst Corp. v Clyne, 50 NY2d 707).

Our analysis begins with an examination of the statute itself. CPLR 3403, which governs the granting of trial preferences, provides as follows:

"Trial preferences

"(a) Preferred cases. Civil cases shall be tried in the order in which notes of issue have been filed, but the following shall be entitled to a preference:

"1. an action brought by or against the state, or a political subdivision of the state, or an officer or board of officers of the state or a political subdivision of the state, in his or its official capacity, on the application of the state, the political subdivision, or the officer or board of officers;

"2. an action where a preference is provided for by statute; and

"3. an action in which the interests of justice will be served by an early trial.

"4. in any action upon the application of a party who has reached the age of seventy years; and

"5. an action to recover damages for medical, dental or podiatric malpractice.

"(b) Obtaining preference. Unless the court otherwise orders, notice of a motion for preference shall be served with the note of issue by the party serving the note of issue, or ten days after such service by any other party; or thereafter during the pendency of the action upon the application of a party who reaches the age of seventy years."

The statute constitutes a legislative recognition of the fact that "[p]references are necessary when policy or justice demands a speedy determination of a particular action despite congested calendars" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3403.02). The purpose of CPLR 3403 is clear—it is designed "to single out cases which for some pressing reason deserve to be tried earlier than their calendar position would ordinarily allow" (Siegel, NY Prac § 373, at 474). Accordingly, the granting of a statutory trial preference results in the placement of an action on the Trial Calendar ahead of all those actions which do not qualify for a preference under the statute (see, 22 NYCRR 202.24 [d]).

■ The question of whether multiple statutory preferences must be granted in a single action is apparently one of first impression. The plaintiff does not make reference to, nor has our own research revealed, any legislative or judicial authority for the novel proposition that she is automatically entitled to more than one trial preference. Indeed, the plain language of CPLR 3403 (a) militates against such a conclusion, for it expressly provides that "a preference" will be accorded to those cases which fall within its ambit (emphasis supplied). The statute nowhere suggests that multiple preferences are automatically acquired in a single action, a significant circumstance in view of the fact that the Legislature easily could have made express provision for such extraordinary relief had it intended to do so. Moreover, it is a well-settled principle of statutory construction that "[t]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended" (Pajak v Pajak, 56 NY2d 394, 397; McKinney's Cons Laws of NY, Book 1, Statutes § 74). Hence, the language of the statute itself and the absence of any authority to the contrary support the conclusion that CPLR 3403 (a) authorizes the granting of only one preference per action.

Our analysis is both consistent with the history of judicial circumspection in granting applications for trial preferences and cognizant of the practical difficulties encountered by our

trial courts in attempting to maintain effective calendar control. Inasmuch as the granting of a trial preference in one action perforce results in the further delay of trial in another, it is in derogation of the general rule requiring that "when actions are advanced from one calendar to another they shall progress from the head of one calendar to the foot of the next calendar" (22 NYCRR 202.22 [b]). Accordingly, our courts have traditionally emphasized the exercise of appropriate restraint in the granting of applications for trial preferences, at least in those instances where the statutory ground upon which a preference is sought involves an element of judicial discretion (*see, e.g., Ocera v Solomon,* 110 AD2d 628; *Morris Elecs. v Stereo E. Devs.,* 71 AD2d 1061). By parity of reasoning, we find that these same concerns weigh against the accumulation of multiple trial preferences under CPLR 3403.

Moreover, the efficient and orderly calendaring of cases for trial would be rendered virtually impossible if multiple preferences were permitted. For example, would the impending trial of a 90-year-old plaintiff's action in which two trial preferences had been granted be postponed so that a subsequent action by a 70 year old who obtained three trial preferences could be heard first? As the foregoing illustration demonstrates, the automatic granting of multiple trial preferences would generate endless difficulties in calendar control as well as protracted arguments regarding the number and degree of importance of statutory preferences in individual cases, resulting in manifest injustice to some litigants. Such a result would clearly be inimical to the orderly administration of justice.

Finally, we would reemphasize the sound discretion of the trial courts in considering the facts of each particular case to achieve the prompt and just resolution of those matters which present exceptional circumstances. Indeed, the Uniform Rules for the New York State Trial Courts anticipate the exercise of this broad discretion in moving matters to trial by providing that cases shall progress in order from one calendar to the next "unless otherwise determined by the court" (22 NYCRR 202.22 [b]) and that cases in which preferences are granted shall be placed ahead of all pending nonpreferred cases "unless the court otherwise orders" (22 NYCRR 202.24 [d]). Hence, we reject only the contention that the acquisition of multiple preferences is mandatory under CPLR 3403 and that any case which satisfies more than one statutory ground for a preference must automatically be placed ahead of all other cases which do not. Rather, we remain confident that the trial

courts, upon consideration of the unique facts of each case and in the sound exercise of their broad discretion, will calendar cases for trial with a view toward their just and expeditious resolution, as the Supreme Court did in this case.

In light of the foregoing, we find that the Supreme Court, Kings County, acted properly in denying the plaintiff's motion for a second statutory preference, as the "stacking" of preferences is simply not required under CPLR 3403.

RUBIN, J. P., SPATT, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the order of the Supreme Court, Kings County, dated May 18, 1988, is affirmed, with costs.