■ HEDA SRAJER, Respondent, v VANITY FAIR MILLS, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about July 13, 1989, which, *inter alia,* granted plaintiff's motion for a trial preference pursuant to CPLR 3404 (a) (3) and denied defendants', Vanity Fair Mills, Inc. and Sport Spot, Inc., motions for summary judgment dismissing the complaint and cross claims against them, unanimously affirmed, without costs.

We see no reason under the facts in this case to depart from

the general rule that "questions of design defect and a manufacturer's failure to warn are generally inappropriate for resolution on a summary judgment motion." *(Feiner v Calvin Klein, Ltd.* 157 AD2d 501, 502.) The IAS court properly concluded that questions of fact exist as to the identity of the defective garment. Further, it is well settled that in an action of this kind, the existence of a defect may be inferred from proof that the product did not perform as intended, which excludes all causes of the accident not attributable to the defendants. *(Halloran v Virginia Chems.,* 41 NY2d 386, 388.) Nor are we satisfied, on this record, that defendant Sport Spot, Inc. has demonstrated a complete absence of negligence. *(Naples v City of New York,* 34 AD2d 577.)

It was not an improvident exercise of discretion to grant a trial preference, in view of the psychiatric evidence and plaintiff's destitute condition. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.