OPINION OF THE COURT
Ariel E. Belen, J.
*572 Plaintiff in this medical malpractice action has moved for a special trial preference in the interests of justice, pursuant to CPLR 3403 (a) (3). Plaintiff already has a trial preference as she has an action to recover damages for medical malpractice under CPLR 3403 (a) (5). The question presented here is whether she is entitled to stack an additional preference on to this, giving this case priority on the already accelerated medical malpractice calendar. Plaintiff is indigent and she is currently under 24-hour-per-day care in a nursing home, the costs of which are fully paid by Medicaid.
Plaintiff alleges that she was a healthy 46-year-old woman on December 21, 2001 when she went to defendant Brookdale Medical Center for an elective ambulatory procedure to remove a benign cyst. Following the procedure, plaintiff was discharged to her home. She then returned to the hospital the following evening and was treated and released.
Plaintiff returned again to defendant Brookdale Hospital on December 24, 2001, and has been under institutional medical treatment ever since. Plaintiff claims that defendant’s malpractice caused her to deteriorate from a healthy, self-sufficient and gainfully employed woman to a destitute, paralyzed invalid. As of August 2004, Medicaid has asserted a lien for her care in the amount of $477,304.
Plaintiff is unable to speak; however, she is conscious and communicates by blinking her eyes. Plaintiffs sister, who is her guardian ad litem, has requested this trial preference in order to recover the necessary funds for plaintiff to be cared for in her home rather than in a nursing home. The guardian ad litem persuasively contends that plaintiff will be happier and more comfortable at home surrounded by her friends and family than in a nursing home and that the only possibility for Ms. Peck to return home would be to end her reliance on Medicaid by expeditiously and successfully resolving this lawsuit.
Plaintiff contends that defendant has delayed discovery and even now discovery continued through the month of December 2004, three years after the catastrophic injuries to plaintiff.
The issue of multiple preferences is elucidated in the case of Green v Vogel (144 AD2d 66 [2d Dept 1989]). In Green, the plaintiff in a medical malpractice case was 86 years old and she contended that an additional preference over other medical malpractice cases on the court’s trial calendar was required based upon her entitlement to a separate preference for her age under CPLR 3403 (a) (4) for persons over 70 years of age. The trial *573 court denied plaintiffs motion and this denial was upheld by the Second Department. However, the Second Department took the opportunity to discuss the question of calendaring a case in which a party may be entitled to more than one trial preference, stating (at 67):
“We conclude that there is no automatic entitlement to the granting of more than one trial preference per action. Rather, we hold that a Trial Justice may, in accordance with the broad latitude granted by the Uniform Rules for the New York State Trial Courts and in the exercise of sound judicial discretion, facilitate prompt trial of those actions which present extraordinary or exceptional circumstances in order to further the ends of justice.”
The Appellate Division continued its analysis finding that the legislative intent of the preference statute was not to create multiple preferences for persons whose cases fall under more than one of the CPLR 3403 (a) categories, stating: “[T]he efficient and orderly calendaring of cases for trial would be rendered virtually impossible if multiple preferences were permitted.” (144 AD2d 66, 70 [1989].)
The court further acknowledged that this construction limiting the granting of more than one preference is consistent with the history of judicial circumspection in granting applications for trial preferences, such preferences interfering with effective calendar control.
22 NYCRR 202.22 (b) “Calendar progression” states: “With due regard to the requirements of statutory preferences . . . actions are advanced . . . from the head of one calendar to the foot of the next calendar and otherwise progress in order insofar as practicable unless otherwise determined by the court.”
The Second Department specifically left latitude in Green (supra) for giving a preferred status to a case when the trial court finds compelling reason to do so. See, for example, Stralberg v Mauer (166 AD2d 522 [2d Dept 1990]), holding that plaintiff’s age alone did not justify stacking two trial preferences although the court has discretion to give preference for hearing before a malpractice panel.
The Green court made reference to Uniform Rules for Trial Courts (22 NYCRR) § 202.22 (b) and § 202.24 (d) and highlighted the language “unless otherwise determined by the court” and “unless the court otherwise orders” in these court rules providing for calendar progression to support the proposition that *574 ultimately it is in the court’s discretion to calendar a case for trial as it deems to be fair and just. (Green v Vogel, supra.)
This case presents a compelling scenario for an exercise of the judicial discretion contemplated by the Second Department in Green (supra). There is no justification for keeping plaintiff a virtual prisoner both in her body and in an impersonal nursing home when there is a chance that her life can be improved immeasurably by advancing the trial date so she can attempt to obtain the funds to be cared for at home.
As the Second Department urged in Green v Vogel (144 AD2d 66, 70 [1989], supra): “Finally, we would reemphasize the sound discretion of the trial courts in considering the facts of each particular case to achieve the prompt and just resolution of those matters which present exceptional circumstances.”
In the exercise of discretion and in the interests of justice and pursuant to court rules and upon reading and filing plaintiffs motion for a preference dated September 7, 2004 and defendant’s affirmation in opposition dated September 29, 2004 and plaintiffs reply affirmation dated October 4, 2004, and hearing argument, it is ordered that plaintiffs motion for an additional trial preference is granted to the extent that this matter be sent to the Medical Malpractice Trial Readiness Part on January 26, 2005 for trial.