[803 NYS2d 577]

In the Matter of CLAUDE NELSON STUART, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 26, 2005

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Jerome Karp, P.C.*, Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated May 11, 2004, containing one charge of professional misconduct. After a prehearing conference on June 23, 2004, and a hearing on August 9, 2004, the Special Referee sustained the charge.

The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems necessary. The respondent has submitted an affirmation in opposition to the petitioner's motion, in which he requests that the Court disaffirm the Special Referee's report and refer the matter back to the petitioner for the imposition of such discipline as it deems appropriate.

Charge One alleges that the respondent gave false information to a Justice of the Supreme Court during a criminal homicide trial, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

In or about May 2002, the respondent, as an Assistant District Attorney in Queens County, was the prosecutor in *People v Johnson*, under indictment No. 2002/00, before the Honorable Jaime A. Rios in the Supreme Court, Queens County. Prior to jury selection, defense counsel raised an issue regarding a potential *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) in that he had not received a police report of a witness. The defense maintained that the witness's statements were exculpatory.

On or about May 8, 2002, Justice Rios questioned the respondent about the whereabouts of the witness. The respondent informed the court that several attempts had been made to contact the witness at her last known address in Queens. The respondent indicated that attempts were underway to track the witness at a Manhattan residence but that she had not yet been located. On or about May 31, 2002, the respondent ascertained the whereabouts of the witness and met with her at her place of employment. On or about June 4, 2002, Justice Rios revisited the issue of the alleged *Brady* violation and inquired as to the witness's whereabouts. The respondent falsely indicated on the record that he still had no knowledge of her whereabouts.

Based on the evidence adduced, the Special Referee properly sustained the charge. Accordingly, the petitioner's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his record as an Assistant District Attorney in Queens County for more than 12 years and his handling of over 70 felony trials, the time he devotes to service for the Dix Hills United Methodist Church, his service in the United States Army JAG Corps Reserve, and his list of character witnesses, including the respondent's military chaplain, his church pastor, professional and social acquaintances, and his wife, all of whom testified to his excellent reputation. In addition, the respondent presented character letters from two Justices of the Supreme Court, Queens County.

The respondent's prior disciplinary history consists of a letter of caution issued by the Grievance Committee for the Ninth Judicial District in 1999 for prosecutorial misconduct which resulted in this Court's overturning a judgment of conviction (*see People v Walters*, 251 AD2d 433 [1998]).

As a result of the respondent's misleading response to the court, the criminal matter had to be retried. Notwithstanding the respondent's claims that he lacked venality and the mitigation advanced, such conduct strikes at the heart of his credibility as a prosecutor and an officer of the court. As the Special Referee noted, the respondent had ample opportunity at the trial to correct or clarify his earlier false statement but opted not to do so. In essence, the respondent made a costly misrepresentation to the trial court which necessitated the retrial of the criminal action involving a major felony. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Claude Nelson Stuart, is suspended from the practice of law for a period of three years, commencing October 26, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said three-year period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or

attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Claude Nelson Stuart, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Claude Nelson Stuart, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent, Claude Nelson Stuart, shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).