■ LYNN E. MILLER, Appellant, v DENNIS K. DUGAN, Respondent. [810 NYS2d 517]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1) from a decision of the Supreme Court, Nassau County (Gibson, R.), dated May 10, 2004, made after a nonjury trial, and (2), as limited by her brief, from so much of a judgment of the same court entered November 30, 2004, as awarded the defendant sole title to the marital residence and certain rental property, directed her to transfer her interest in the marital residence and the rental property to the defendant, and awarded her the sum of only $57,500 as the value of her equitable share of the rental property.

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions or costs, if any, against the plaintiff and/or her counsel, pursuant to 22 NYCRR 130-1.1 (c) (3), as this Court may deem appropriate, by each filing an original and four copies of an affirmation or affidavit on that issue with the clerk of this Court and serving one copy on the other party on or before April 7, 2006; and it is further,

Ordered that the clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The plaintiff's contention that the trial court failed to set forth the factors it considered in determining the equitable distribution of the parties' marital property (*see* Domestic Relations Law § 236 [B] [5] [g]) is without merit. The trial court quoted the applicable statutory provisions and addressed the relevant factors (*see* Domestic Relations Law § 236 [B] [5] [d]; *Atwell v Atwell*, 292 AD2d 479 [2002]; *Monette v Monette*, 177 AD2d 802 [1991]). Moreover, given the relatively brief duration of the marriage and the parties' respective personal and financial circumstances, the division of the marital property was fair and equitable on the record as a whole (*see David v Pillai*, 303 AD2d 708 [2003]; *Atwell v Atwell, supra*).

The plaintiff's remaining contentions are either not properly before the Court or without merit.

The purpose of an appellate brief "is to assist, not mislead the court" (*Merl v Merl*, 128 AD2d 685, 686 [1987]). Counsel who mischaracterize events, fabricate issues, and rely upon matter dehors the record act "in direct derogation of their professional obligations" (*Merl v Merl, supra* at 686). In the present case, the imposition of sanctions and/or costs against the plaintiff and/or her counsel may be warranted. Many of the plaintiff's appellate arguments appear to be unsupported by, or even contradicted by, the record and completely without merit in law or fact (*see* 22 NYCRR 130-1.1 [a], [c] [3]; *Curcio v Hogan Coring & Sawing Corp.*, 303 AD2d 357, 359 [2003]; *Braten v Finkelstein*, 235 AD2d 513, 514 [1997]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against the plaintiff and/or her counsel. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.