OPINION OF THE COURT
Salvatore J. Módica, J.
The plaintiff has filed a motion for a trial preference based on the age requirement contained in CPLR 3403 (a) (4). In support of his application, the plaintiff presented documentary proof that he is 75 years old. (See CPLR 3403 [a] [4].) A party to any action who has reached the age of 70 years shall, upon application, be entitled to a trial preference. The defense opposes the instant motion on a ground that has nothing to do with whether or not the plaintiff has met the age requirement set forth in the statute. After examining CPLR 3403 and the legal interpretation that has been given to this statute, the court finds that the defense response that was filed in this case and the alleged arguments made in support thereof may be the result of conduct that is frivolous within the meaning of 22 NYCRR 130-1.1 (c) and that costs and sanctions may be required to be imposed. (See 22 NYCRR 130-1.1 [a].) Before the court can make that conclusion, however, a hearing is necessary. (See 22 NYCRR 130-1.1 [d].) As a result, a hearing is ordered in accordance with this decision and order. The plaintiff’s motion for a preference pursuant to CPLR 3403 (a) (4) is, however, granted. The following opinion constitutes the decision and order of this court.
To begin, the relevant New York State statute is crystal clear: CPLR 3403 (a) (4) specifically provides that a court shall grant a trial preference to a party to an action if sufficient proof is provided that such person is 70 years of age or older. *656 Given that the legislature’s use of the imperative “shall” is mandatory, not permissive, this court may not decide to grant or deny a trial preference by exercising its discretion. (See Matter of Mennella v Lopez-Torres, 91 NY2d 474 [1998]; see also Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 536 [1992].)
In opposing the instant motion, the defense disagrees that this is the correct interpretation to be accorded this statute. Specifically, the defense argument is based on a deeply warped and thoroughly tortured analysis of a holding from the Appellate Division, Second Department. The case in question is Green v Vogel, which, as discussed below, could not be clearer in its holding; it ultimately concludes, inter alia, that, pursuant to CPLR 3403 (a) (4), a person who has reached the age of 70 years shall be entitled to a preference in any action. (See Green v Vogel, 144 AD2d 66 [2d Dept 1989].) In short, the defendant’s interpretation of this case holding surely cannot suffice to trample the dictates of a CPLR provision that is clear, express, and unambiguous.
Based on the holding in and analysis of Green v Vogel, it is quite clear that judicial discretion is irrelevant in the granting of a trial preference in a singular action. Judicial discretion apparently comes into play where a party to an action attempts to obtain a preference with respect to multiple causes of action. (See Green v Vogel, 144 AD2d at 70-71.) Insofar as this case is concerned, the plaintiff has one cause of action and has established that he is 70 years of age or older. For this reason, he is entitled to a trial preference as a matter of law. No further inquiry is required. The defense, however, vehemently disagrees. To that end, defense counsel submitted legal papers and arguments in support of his interpretation of CPLR 3403 (a) (4) that required this court and plaintiff’s counsel to invest an inordinate amount of time studying those contentions. In the end, it could be concluded that it was totally unnecessary for both this court and plaintiff’s counsel to have spent so much time analyzing defense counsel’s answer and that precious judicial resources have been wasted on an issue in which the legislative intent is clear, plain, and unambiguous.
Given that the law on trial preferences in connection with the age of a litigant has an express and clear meaning, this court is completely perplexed by the response submitted by counsel for the defense. As a result, that response raises some questions that require this court to inquire whether or *657 not the defendant’s answer was, in any sense, legally necessary and whether or not it constituted frivolous conduct within the meaning of 22 NYCRR 130-1.1 (a) and (c), one of the rules of the Chief Administrator of the Courts. This rule, in pertinent part, reads as follows:
“(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart . . .
“(c) For purposes of this Part, conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another” (22 NYCRR 130-1.1 [a], [c] [1], [2]).
The facts here are not reasonably open to question. In fact, the defendant does not make any attempt to oppose the facts offered by the plaintiff in support of his application. It is the interpretation to be given to CPLR 3403 (a) (4) that is the defendant’s singular concern with respect to this motion. On March 10, 2017, the plaintiff filed a note of issue and moved for a preference based on his age. Plaintiff attached copies of his United States passport and New York State driver’s license confirming that he is soon approaching his 75th birthday. With such proof, the plaintiff is, unquestionably, entitled to a trial preference under CPLR 3403 (a) (4) and defense counsel, had he done any legal research, certainly should have known so. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3403:5.) The court specifically notes that the practice commentary to CPLR 3403 by the late Professor Siegel reveals that “[a]n amendment made in 1970 added paragraph 4 to subdivision (a) of CPLR 3403, affording a pref *658 erence as a matter of right to a person attaining age 75.” (Id.) In 1979, however, the legislature amended CPLR 3403 (a) (4), reducing the age requirement to 70 years of age or older. (Id.) In the words of the late Professor Siegel, “[t]he purpose of paragraph 4 is to permit a special preference as a matter of right for the case if ‘a party’ of age 70 or more moves for it.” (Id.)
Defense counsel, however, totally failed to mention the interpretation given to this statute by the practice commentary. If such omission was intentional, then defense counsel, who is, presumably, an educated attorney, may very well have engaged in frivolous conduct, for this court was able to find law interpreting this statute in a matter of minutes. It is, therefore, reasonable to assume that defense counsel knew the correct meaning of this statute. And even if counsel was not on actual notice of the law in support of this statute, he could still be charged with constructive notice of the correct interpretation to be given to this statute. Simply stated, he should have known the law interpreting CPLR 3403 (a) (4). As a result, he still might be considered to have engaged in frivolous conduct. (See e.g. People v Turner, 5 NY3d 476, 481-482 [2005] [defense counsel’s failure to mention a Third Department case from 1914 constituted ineffective assistance of counsel; this Appellate Division case, “though old, was still a valid precedent, binding on all trial-level courts in the state” (citations omitted)].)
In determining that defense counsel and his firm might have engaged in frivolous conduct in responding to the plaintiff’s motion, this court also sought guidance from the rules of professional misconduct that have been promulgated in New York. One of those rules prevents lawyers—at least in theory—from making false statements to a court. (See Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [1] [making a false statement of fact or law to a tribunal]; see also Matter of Selterman, 66 AD3d 74, 79 [1st Dept 2009] [three-year suspension of lawyer for dishonest statements]; see also Matter of Stuart, 22 AD3d 131 [2d Dept 2005 per curiam] [misconduct in giving false information to a Justice of the Supreme Court warranted sanction of three-year suspension from practice of law].) But, more important, the Rules of Professional Conduct impose a fundamental ethical responsibility on an attorney to disclose adverse controlling legal authority to a court. (See Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [2]; see *659 also Matter of Cielo v City of New York, 98 AD2d 38, 40 [2d Dept 1983] [“Counsel have an affirmative obligation to advise the court of adverse authorities, though they are free to urge their reconsideration”]; see also Nachbaur v American Tr. Ins. Co., 300 AD2d 74, 76 [1st Dept 2002] [“We particularly disapprove of the failure of plaintiff’s attorney to cite adverse authority. The failure is especially glaring in this case since plaintiff’s attorney (was expressly aware of the adverse authority) and, unless and until overruled or disagreed with by (the First Department, Appellate Division), is ‘controlling’ authority that plaintiff’s attorney was obligated to bring to the attention of this Court (see Matter of Cicio v City of New York, 98 AD2d 38; Merl v Merl, 128 AD2d 685; see also Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665)”].)
Notwithstanding that the current law interpreting CPLR 3403 (a) (4) does not provide a court with discretion to decide a trial preference, defense counsel insists that this is the correct interpretation of the statute. Of course, defense counsel could have provided the court and the plaintiff with the correct law interpreting this statute and then urged that it be reconsidered. (See e.g. Nachbaur v American Tr. Ins. Co., 300 AD2d at 76.) He, however, never pursued this course. His failure to do so warrants that a hearing be held to determine if his answer to the plaintiff’s motion was frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1) and (2).
In sum, it is well-settled that the decision granting a motion for a trial preference, pursuant to CPLR 3403 (a) (4), with respect to a person who has reached the age of 70 years is a matter of right, not a matter for a judge, in the exercise of his/her discretion, to decide. And the Second Department, which governs the law relating to this case, has been consistent in that respect. Thus, in Ratnikova v Ziotas, the Second Department, in reversing an order granting summary judgment to the defense, stated that “[i]n view of the undisputed evidence that the plaintiff has reached the age of 70, the plaintiff’s cross motion for a trial preference based on age, which was denied as academic in the order appealed from, should be granted.” (See Ratnikova v Ziotas, 134 AD3d 919, 920 [2015].) In fact, just recently, Justice Nancy Bannon, in Supreme Court, New York County, in Channing v T-C the Colorado LLC (2017 NY Slip Op 31000[U], *1 [2017]), observed: “The ‘mandatory language’ of CPLR 3403(a)(4) provides that a trial preference shall be granted in any action upon the application of a party who has reached age 70.”
*660 In this case, defense counsel failed to cite the decision in Ratnikova v Ziotas, the practice commentary by the esteemed and late Professor David Siegel, as well as the decision in Channing v T-C the Colorado LLC. In the end, defense counsel made it appear that the decision in Green v Vogel and another portion of the practice commentary by the late Professor Siegel require this court to exercise its discretion before deciding whether or not to grant a trial preference. That is a conclusion that seems impossible to be made. In other words, it appears that no rational interpretation of Green v Vogel, the practice commentary, or any other legal decision can reasonably and logically lead to that conclusion.
In light of the express language contained in CPLR 3403 (a) (4) that a plaintiff who is 70 years of age or older is “entitled” to a preference, and the judicial decisions and practice commentary on this statute that have concluded that the language of CPLR 3403 (a) (4) is “mandatory,” how could a defendant rightfully oppose such a reasonable application based on such clear and unambiguous commands, not admitting of any exercise of discretion? The court finds it very difficult to answer this question; nevertheless, the court will keep an open mind and not prejudge this case.
In the present case, the defense argues that the holding of Green v Vogel imbues a court with discretion to deny the preference. Unfortunately for the defense, an argument can be made that the opposition affirmation of defense counsel appears to distort the holding of Green v Vogel deliberately, not accidentally. (See Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [1].) First, as noted in this decision, defense counsel, in his answer, failed to mention the law and persuasive authority interpreting CPLR 3403 (a) (4). From those authorities, it is abundantly clear that a court has no discretion in deciding an application for relief under CPLR 3403 (a) (4). Second, the facts and holding in Green v Vogel also reveal that it is quite possible that defense counsel’s conduct in this case amounted to a deliberate distortion of the law and that his conduct was, therefore, frivolous.
In Green v Vogel, the plaintiff, who was 86 years old, filed a medical malpractice action. Because the action was one for medical malpractice, the plaintiff first moved for a trial preference pursuant to CPLR 3403 (a) (5), which permits such a preference in this type of action. Thereafter, she contended that, pursuant to CPLR 3403 (a) (4), she was entitled to an ad *661 ditional preference based upon her age. She further argued that this new preference now gave her medical malpractice action priority over other similar cases on the court’s trial calendar. (See Green v Vogel, 144 AD2d at 67-68.) The trial court, however, denied plaintiffs motion and the decision was upheld by the Second Department. The Second Department then took the opportunity to discuss the question of calendaring a case in which a party may be entitled to more than one trial preference, stating: “We conclude that there is no automatic entitlement to the granting of more than one trial preference per action.” (Green v Vogel, 144 AD2d at 67.)
Later in this decision, the Second Department made the following statement:
“[W]e reject only the contention that the acquisition of multiple preferences is mandatory under CPLR 3403 and that any case which satisfies more than one statutory ground for a preference must automatically be placed ahead of all other cases which do not. Rather, we remain confident that the trial courts, upon consideration of the unique facts of each case and in the sound exercise of their broad discretion, will calendar cases for trial with a view toward their just and expeditious resolution.” (Green v Vogel, 144 AD2d at 70-71; see excellent discussion of Green v Vogel in Peck v Brookdale Hosp. Med. Ctr., 7 Misc 3d 571, 572-573 [Sup Ct, Kings County 2005, Belen, J.].)
The case before this court, however, certainly does not involve a request for multiple preferences, requiring the exercise of judicial discretion. (See 22 NYCRR 202.22 [b]; see 22 NYCRR 202.24 [b].) It is a simple request, founded on the clear dictates of CPLR 3403 (a) (4), for a single preference, based upon the age of the plaintiff. (See CPLR 3403 [a] [4].) The law could not be clearer that a plaintiff who provides proof that he/she is 70 years of age or older is entitled to such a preference. In deciding whether or not to grant the application in this case, no exercise of discretion is required. The plaintiff’s entitlement to a preference under CPLR 3403 (a) (4) is, as discussed in this decision, absolute—once he presented evidence of being at least 70 years old, this court was required to grant the preference. Here, the defense does not contend that the plaintiff does not meet the age requirement set forth in CPLR 3403 (a) (4). Instead, the defense maintains that the trial court has discretion to deny the application for a preference. This court finds *662 that defense counsel is playing fast and loose, in derogation of his obligations of candor posited in the Rules of Professional Conduct, in arguing that the preference should be denied by virtue of the exercise of judicial discretion.
Even assuming the correctness of defense counsel’s chimerical fiction that the grant of a preference is discretionary, he fails to offer even a single valid reason why the court, in its discretion, should not grant the instant application. The failure is not only startling but speaks volumes. A hearing is, therefore, required in this matter to determine if defense counsel has engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (a) and (c), and, if so, what the appropriate remedy should be.
Accordingly, for the reasons stated in this decision and order, this court is placing the defendants and their attorneys on notice, pursuant to part 130 of the Rules of the Chief Administrator of the Courts, that they are required to appear in Part 37, courtroom 44 of the Supreme Court at 88-11 Sutphin Boulevard, Jamaica, Queens County, New York 11435, on May 30, 2017, for a hearing on the imposition of sanctions, including attorneys’ fees, upon defendants and/or their counsel. (See 22 NYCRR 130-1.1.) Plaintiff’s counsel shall be present with admissible proof on the number of hours and expense(s) needed to file the reply to the defendant’s response, including all court appearances related thereto. (See 22 NYCRR 130-1.1; 150 Centreville, LLC v Lin Assoc. Architects, PC, 39 Misc 3d 513 [Sup Ct, Queens County 2013] [enforcement of the sanctions rule is essential to deter conduct that wastes judicial resources and inhibits the proper administration of the court system].)
Accordingly, it is hereby ordered that the plaintiff’s motion for a trial preference pursuant to CPLR 3403 (a) (4) is granted, on the ground that he has reached the age of 70 years.