Matter of Heffernan (2020 NY Slip Op 01615)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Heffernan

2020 NY Slip Op 01615

Decided on March 11, 2020

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2018-08741

[*1]In the Matter of Andrew John Heffernan, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Andrew John Heffernan, respondent. (Attorney Registration No. 2891471)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Andrew John Heffernan, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 10, 1998.

Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.

PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District commenced a disciplinary proceeding against the respondent by serving and filing a verified petition dated July 10, 2018, and the respondent served and filed a verified answer dated August 16, 2018, containing 13 mitigation defenses. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated August 23, 2018, pursuant to 22 NYCRR 1240.8(a)(2), and the respondent served and filed a response dated September 10, 2018. By decision and order on motion of this Court dated March 20, 2019, the matter was referred to the Honorable Elaine Jackson Stack, as Special Referee, to hear and report. By the same decision and order on motion, the Grievance Committee's motion to strike the respondent's mitigation defenses from the answer was granted and the mitigation defenses were stricken without prejudice to the respondent's presenting evidence in mitigation at a hearing before the Special Referee, subject to the rules of evidence. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated July 15, 2019, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on June 27, 2019, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented in the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
In April 2017, the respondent was an assistant district attorney (hereinafter ADA) with the Suffolk County District Attorney's Office (hereinafter the SCDA) assigned to the Narcotics Bureau. At all relevant times, one of the investigative tools used by the Narcotics Bureau was the use of "pole cameras," which are cameras installed on poles on public streets that were used for [*2]surveillance at designated locations. Although not required by law, the custom and practice in the SCDA in April 2017 to obtain a pole camera was for an ADA to prepare an order for signature by a judge and a supporting affidavit which would be signed by a detective working within the Narcotics Bureau.
On April 6, 2017, the respondent drafted two orders and two supporting affidavits to obtain pole cameras at two separate locations in Suffolk County. The April 6, 2017, affidavits were signed by a detective with the SCDA and notarized by an ADA. The April 6, 2017, orders prepared by the respondent were signed by a Justice of the Supreme Court, Suffolk County. The April 6, 2017, orders were in effect for 30 days, after which time they could be extended with the submission of a new order and affidavit seeking an extension of the existing order.
On or about May 12, 2017, the respondent was advised by ADA Mark Murray, then Deputy Bureau Chief of the Narcotics Bureau for the SCDA, to obtain an extension order for one of the cameras, which was located on Gray Avenue in Suffolk County. On May 22, 2017, ADA Murray contacted the respondent to inquire about the status of the pole camera extension order, as he had been advised that an extension order for the same had not been obtained prior to or since the expiration of the April 6, 2017, order.
On May 22, 2017, at approximately 12:48 p.m., the respondent drafted, on his office computer, an extension order for the Gray Avenue pole camera and dated it May 2, 2017. The "May 2, 2017," order listed the effective date as May 2, 2017. On May 22, 2017, at approximately 12:49 p.m., the respondent drafted, on his office computer, an affidavit to be signed by the detective related to the Gray Avenue pole camera extension order and dated it May 2, 2017. On May 22, 2017, at approximately 2:00 p.m., the respondent drafted, on his office computer, another affidavit related to the Gray Avenue pole camera extension order to be signed by the detective and dated it May 22, 2017. On May 22, 2017, at approximately 2:05 p.m., the respondent drafted, on his office computer, an extension order for the Gray Avenue pole camera and dated it May 22, 2017. The May 22, 2017, order listed the effective date as May 2, 2017.
On May 22, 2017, the respondent presented the above referenced affidavits to the detective for his signature. The respondent provided the detective the May 22, 2017, affidavit and the "May 2, 2017," affidavit, which was drafted on May 22, 2017. The detective signed both affidavits, which were then presented by the respondent to an ADA, who notarized the detective's signature on both affidavits. Later on May 22, 2017, the respondent presented the May 22, 2017, order and affidavit, and the "May 2, 2017," order and affidavit, which were drafted on May 22, 2017, to a Justice of the Supreme Court, Suffolk County, for his signature. The Supreme Court Justice signed both orders.
At a meeting on or about May 24, 2017, with ADA Robert Ewald, the then Bureau Chief of the Narcotics Bureau for the SCDA, and ADA Murray, then Deputy Bureau Chief of the Narcotics Bureau for the SCDA, the respondent admitted that he deliberately backdated the documents to cover up the fact that he had not timely obtained an extension of the original pole camera order. At a meeting on May 30, 2017, with then District Attorney Thomas Spota and then Chief ADA Emily Constant, the respondent admitted that he deliberately backdated documents to cover up the fact that he had failed to timely obtain an extension of the original pole camera order.
On February 2, 2018, the respondent appeared for an examination under oath at the petitioner's office, at which the respondent was represented by counsel. The respondent testified that he never advised ADA Ewald, ADA Murray, DA Spota, and ADA Constant that he deliberately backdated the May 2, 2017, order and affidavit.
On or about July 19, 2018, attorneys for the respondent were served with a notice of petition and verified petition alleging the respondent's professional misconduct based on the above-referenced facts. The respondent, through counsel, filed a verified answer on or about August 16, 2018.
As required, the respondent conditionally admits the foregoing facts and that those facts establish that he: (1) engaged in two counts of conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) engaged in two counts of conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (3) engaged in two counts of conduct that adversely reflects on his fitness as an attorney, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily, without coercion [*3]or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences with his attorney.
The respondent has no disciplinary history to be considered as an aggravating factor.
In mitigation, the respondent asserts, inter alia, that he has an unblemished disciplinary history; that he had spent his entire career (20 years) in public service as a prosecutor; that he served in that position with distinction, as he rose to team leader and was promoted to principal ADA in a high-pressure unit that prosecuted serious felony cases; that he has an excellent reputation as an attorney who is honest, professional, and a zealous advocate; that his misconduct was aberrational, committed during a period of his life when he was experiencing tremendous family and marital stress; that the misconduct occurred when he was in a downward spiral, both mentally and emotionally, due to these stresses; that he has resigned from his position in the SCDA, resulting in a loss of income and benefits; that his actions caused no detriment to the investigation or prosecution of the criminal matter in question; and that he is remorseful for his misconduct. As to the appropriate sanction, the parties contend that the public censure requested is in accord with precedent from this Court under similar circumstances.
In determining the appropriate sanction, we note that all attorneys as officers of the court are under a duty to conduct themselves with utmost honesty and candor when making submissions and representations to the court. That duty must be honored fully by a public prosecutor charged with the responsibility of seeking justice. When misrepresentations are made to the court, as here, the ability of the judicial system to deliver justice is jeopardized and can be seriously harmed. Dishonesty as exhibited by the respondent in deliberately backdating documents to cover up omissions on his part is simply unacceptable and merits the strongest possible condemnation. We find the respondent's behavior to be egregious misconduct given his position as a public prosecutor sworn to uphold the law.
Having found that the respondent committed professional misconduct, it remains to consider the propriety of the proposed penalty of a public censure. Against the extremely serious nature of the admitted misconduct, we also consider the extraordinary mitigation presented, including the respondent's decades of public service, the aberrational nature of the misconduct, his resignation from the SCDA, the lack of detriment to the investigation and prosecution of the criminal matter in question, and the absence of a prior disciplinary history as an aggravating factor. Under these circumstances, we conclude that a public censure is warranted (see Matter of Rodeman, 65 AD3d 350; Matter of Tassio, 174 AD2d 166; cf. Matter of Stuart, 22 AD3d 131).
Based on the foregoing, we find that the motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Andrew John Heffernan, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court