White v Metropolitan Opera Assns., Inc. (2024 NY Slip Op 00467)

White v Metropolitan Opera Assns., Inc.

2024 NY Slip Op 00467

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 157064/13 Appeal No. 1586 Case No. 2022-04334 

[*1]Wendy White, Plaintiff-Appellant,
v
Metropolitan Opera Associations, Inc., Defendant-Respondent.

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), and Edelman & Edelman, P.C., New York (Howard Engle of counsel), for appellant.
Katz & Rychik P.C., New York (Abe M. Rychik of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 3, 2022, which, upon renewal, denied plaintiff Wendy White's motion for a special trial preference, unanimously affirmed, without costs.
In this personal injury action, plaintiff, a renowned opera singer, was allegedly injured by a fall from an elevated platform while she was performing at the Metropolitan Opera House, a venue owned and operated by defendant Metropolitan Opera Association, Inc. (the Met).
It was a provident exercise of discretion for the court to deny plaintiff a special trial preference in the interests of justice (CPLR 3403[a][3]). The statute allows courts to analyze preference requests "in light of the unique circumstances of that case" (Patterson v Anderson Ave. Assocs., 242 AD2d 430, 430 [1st Dept 1997]). Here, while plaintiff's income decreased post-accident, it remained reasonably adequate (see Martinkovic v Chrysler Leasing Corp., 29 AD2d 636 [1st Dept 1986]); compare Roman v Sullivan Paramedicine, Inc., 101 AD3d 443, 443 [1st Dept 2012] [finding that a preference was warranted where disabling injury prevented plaintiff from working, she had exhausted her no-fault coverage and survived on food stamps, and lacked the resources to pay for necessary medical care]; Kellman v 45 Tiemann Assoc., 213 AD2d 151, 151 [1st Dept 1995], affd on other grounds 87 NY2d 871 [1995] [holding that trial court properly granted a special trial preference where accident rendered plaintiff a paraplegic and she relied on Social Security disability payments to meet her financial burdens]; Srajer v Vanity Fair Mills, 159 AD2d 286 [1st Dept 1990]).
Further, contrary to defendant's argument, this appeal is not rendered moot by plaintiff's subsequent qualification for a special trial preference based upon age.
Lastly, we agree with the second department that CPLR 3403(a) does not automatically entitle a litigant to more than one trial preference per case (see Green v Vogel, 144 AD2d 66, 67 [2d Dept 1989]). Also, plaintiff's evidence in this case, would not qualify as "exceptional circumstances" so as to justify imposition of a second statutory preference or preference stacking (id. at 70; see also Stralberg v Mauer, 166 AD2d 522 [2d Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024