Stewart v Richmond County Ambulance Serv., Inc. (2025 NY Slip Op 50540(U))

[*1]

Stewart v Richmond County Ambulance Serv., Inc.

2025 NY Slip Op 50540(U)

Decided on April 16, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 16, 2025
Supreme Court, Kings County

Clive Stewart, Plaintiff,

against
Richmond County Ambulance Service, Inc. and CHERWYNE DESROSIER, Defendants.

Index No. 525242/2022

Aaron D. Maslow, J.

The following numbered papers were used on the motion: NYSCEF Document Numbers 48-52, 54, 56-57, 66.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,
It is hereby ORDERED as follows:
The motion by Plaintiff seeking a trial preference based on CPLR 3403 (a) (4) is GRANTED.
Plaintiff is over 70 years of age. To the extent that Defendants oppose the motion on the basis that plaintiffs in other actions emanating from the same motor vehicle accident would be prejudiced by the possibility of a judgment in the instant case exhausting the subject insurance policy's limit prior to the other actions being tried, that concern is subordinate to the mandatory language of CPLR 3403 with respect to parties who have reached the age of 70 years (see Cruz v Integrated Health Admin. Servs., Inc., 56 Misc 3d 654 [Sup Ct, Queens County 2017]). That possibility could be avoided by also granting preferences in the other actions pursuant to paragraph 3 of subdivision (a) of CPLR 3403 (granting preference in "an action in which the interests of justice will be served by an early trial") and ordering a joint trial and discovery. (An order dated February 7, 2025 granted a joint trial and discovery but is being vacated simultaneously herewith due to lack of service of the motion seeking relief on the plaintiffs in the other actions [Index Nos. 521025/2023 and 504555/2024]. All parties stipulated to vacatur of said joint trial-and-discovery order.)
As stated in Khoury v Tifo Cab Corp. (21 AD2d 894, 894 [2d Dept 1964]), "In our [*2]opinion, the fact that plaintiff Lombardi is entitled to a preference which would not be available to the other plaintiffs except for the consolidation, is no reason for directing separate trials of these actions which arise out of a single motor vehicle collision" (see also Winter v Powers, 241 AD 743 [2d Dept 1934]).
Here, an accident allegedly occurred on February 7, 2022 involving a vehicle owned by Richmond County Ambulance Service and operated by Cherwyne Desrosier (Defendants herein), a vehicle operated by Clive Stewart (Plaintiff herein), a vehicle owned and operated by Shiloh Jean-Louis (plaintiff in Index No. 521025/2023), and a vehicle owned and operated by Marvalyn Tate (plaintiff in Index No. 504555/2024). It appears that allegedly the vehicle operated by Desrosier struck the rear of the vehicle operated by Stewart, which then struck the rear of the vehicle operated by Jean-Louis. The three had been traveling northbound on Flatbush Avenue, in Brooklyn, and the accident occurred at or near the intersection with Parkside Avenue. The vehicle operated by Desrosier allegedly also swiped the vehicle operated by Tate. Defendants herein are also named defendants in the other actions. Since there are common issues of fact as to liability the actions should be tried (and discovery conducted) together and a preference should be granted due to Mr. Stewart's age.
IT IS HEREBY FURTHER ORDERED that counsel for Plaintiff, shall within 15 days from entry of this order, serve a copy of this order with notice of entry on all other parties in this action and in actions bearing Index Nos. 521025/2023 and 504555/2024, and upon the Clerk of the Trial Support Office, who is hereby directed to place this case on the trial calendar at the head of said calendar except for actions in which a preference was previously granted.